IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN DOUGLAS HEMMINGSON | § § § | |
| v. | § § | Case No. 1:19-CV-693-SH |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | § § § § | |

## ORDER AND JUDGMENT

Before the Court are the Plaintiff's Opening Brief, filed on October 14, 2019 (Dkt. No. 14), and the Defendant's Brief in Support of the Commissioner's Decision, filed on December 12, 2109 (Dkt. No. 16). Also before the Court is the Social Security record filed in this case ("Tr.") (Dkt. No. 10).

### I. GENERAL BACKGROUND

Plaintiff Jonathan Douglas Hemmingson ("Plaintiff"), who is 55 years old, has a high school education and two years of college. Plaintiff alleges that he became disabled on September 2, 2014, due to depression, anxiety, and left shoulder pain.[1] Plaintiff alleges that these impairments began a short time after he underwent rotator cuff surgery in September 2013. Before his alleged disability onset date, Plaintiff served four-and-a-half years in the United States Navy, and then worked as a hotel sales representative and horticultural/nursery products salesperson. In addition, Plaintiff attempted to engage in work in the garden department of Home Depot after his alleged disability onset date, but he alleges that panic attacks forced him to stop working. Plaintiff has a total of 32 years of covered earnings before his alleged disability onset date.

---

[1] Plaintiff appeals only the ALJ's disability findings with regard to his mental impairments, not his physical impairments.

1

On January 8, 2015, Plaintiff filed his application for disability insurance benefits with the Social Security Administration (the "Agency"). After the Agency denied his application initially and again on reconsideration, Plaintiff requested an administrative hearing. Plaintiff attended an administrative hearing before Administrative Law Judge ("ALJ") Osley F. Deramus on July 5, 2016. On August 24, 2016, ALJ Deramus issued a decision finding that Plaintiff was not disabled under the Act.

Plaintiff timely filed a request for review with the Appeals Council and, on September 29, 2017, the Appeals Council vacated and remanded the decision to the ALJ. In its remand order, the Appeals Council directed the ALJ to give further consideration to the state agency opinion, acknowledge Plaintiff's age change from a "younger" individual to one "closely approaching advanced age," address the discrepancy regarding Plaintiff's amended onset date, and offer Plaintiff another hearing. After remand, a second hearing was held before ALJ Tresie Kinnell (hereafter the "ALJ") on March 6, 2018. On August 13, 2018, the ALJ issued a decision denying Plaintiff's entitlement to disability insurance benefits. (Tr. 16-28). Plaintiff again filed a timely request for review with the Appeals Council, which was denied on May 9, 2019. Plaintiff has exhausted his administrative remedies and now seeks judicial review of the administrative proceedings under the Social Security Act, 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is unable to engage in "substantial gainful activity" and

therefore is disabled, the Social Security Commissioner uses a five-step analysis. In the first four steps, the claimant must prove that:

1. He is not currently engaged in substantial gainful activity;
2. His impairment (or combination of impairments) is "severe," in that it significantly limits his physical or mental ability to do basic work activities;
3. His impairment is medically equivalent to one of the impairments listed in Appendix 1 of the regulations; and
4. He is incapable of meeting the physical and mental demands of his past relevant work.
5. If the claimant succeeds at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education, and past work experience, that he is capable of performing other work. If the Commissioner proves other work exists which the claimant can perform, he is given the chance to prove that he cannot, in fact, perform that work.

20 C.F.R. § 404.1520; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance – in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

The Court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 174. However, as stated above, the reviewing

3

court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold it. *See* 42 U.S.C. § 405(g); *see also Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed.").

### III. THE ALJ's OPINION

In the August 13, 2018 decision after remand (Tr. 16-28), the ALJ employed the five-step sequential evaluation to determine whether Plaintiff was disabled. 20 C.F.R. § 404.1520(a). *See* Tr. 19-28. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his amended onset date, September 2, 2014. At step two, the ALJ found that Plaintiff has the following severe impairments: mild degenerative joint disease of the left shoulder, status-post rotator cuff repair, obesity, generalized anxiety disorder, panic disorder, major depressive disorder, and post-traumatic stress disorder ("PTSD"). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [l]ift and carry twenty pounds occasionally and 10 pounds frequently, stand and walk six hours in an eight-hour workday, sit six hours in an eight-hour workday and push and pull in the amount of weight given. The claimant can occasionally reach overhead. He can understand, remember, and carry out simple instructions and make simple work-related decisions. He should have no more than occasional interaction with the public and coworkers, but can interact adequately with supervisors.

Tr. 20-1. The ALJ determined that Plaintiff's RFC would not permit him to perform his past relevant work as a hotel services sales representative and horticultural/nursery products salesperson. At the

4

last step, however, the ALJ opined that Plaintiff could perform certain jobs that exist in significant numbers in the national economy, including the occupations of Router, Electrical Accessories Assembler, and Small Products Assembler. Accordingly, the ALJ concluded that Plaintiff is not disabled under Sections 216(i) and 223(d) of the Social Security Act.

## IV. ANALYSIS

Plaintiff asserts that the ALJ's decision must be remanded because the ALJ (1) failed to properly consider the medical opinions in the record, and (2) failed to consider "Plaintiff's stellar work history" in his credibility assessment. Dkt. No. 14 at p. 17. The Court first addresses Plaintiff's argument that the ALJ failed to properly consider the opinions of his treating psychiatrist, Dr. Vina Patel-Mehta, and the state consultative psychiatrist, Dr. Julie Boesen.

### A. The Medical Opinions at Issue

Dr. Patel-Mehta has been Plaintiff's treating psychiatrist since February 2015. On June 22, 2016, Dr. Patel-Mehta completed a Mental Health Questionnaire regarding Plaintiff's mental impairments, and stated that Plaintiff had been diagnosed with unspecified depression, unspecified anxiety, and somatic symptom disorder. Tr. 1333-35. Specifically, Dr. Patel-Mehta opined that Plaintiff suffers from "[d]isturbance of mood accompanied by full or partial depressive syndrome;" "chronic anxiety, irritability, difficulty with concentration, somatic preoccupation, and nightmares that interfere with day to day functioning;" "[a] persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object;" and "[r]ecurrent and intrusive recollections of a traumatic experience, which are a source of marked distress." Tr. 1333-34. He further stated that Plaintiff's symptoms include: anhedonia or pervasive loss of interest in almost all activities; feelings of guilt or worthlessness; difficulty concentrating or thinking; poor memory; emotional lability; paranoia; hostility and irritability; hallucinations, delusions, and paranoid

5

thinking; psychomotor agitation; somatization unexplained by organic disturbance; oddities of thought, perception, speech or behavior; perceptual disturbances; social withdrawal or isolation; motor tension; autonomic hyperactivity; apprehensive expectation; and vigilance and scanning. *Id.*

Dr. Patel-Mehta opined that Plaintiff's mental impairments caused Plaintiff to have the following functional limitations: moderate[2] difficulties in maintaining social functioning; marked[3] deficiencies in concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere); and marked episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs or symptoms (which may include deterioration of adaptive behavior). Tr. 1335. Dr. Patel-Mehta also opined that Plaintiff's mental impairments would cause Plaintiff to be absent from work "[m]ore than four days per month." *Id.*

On March 11, 2015, after performing a mental status examination and clinical interview of Plaintiff, Dr. Boesen, the state consultative psychiatrist, issued her Confidential Psychological Report regarding Plaintiff's mental health. *Id.* at 1101-05. Dr. Boesen noted that Plaintiff had been to the emergency room more than a dozen times for his anxiety, and that he was "psychiatrically hospitalized in January of 2014." *Id.* at 1102. Dr. Boesen further noted that Plaintiff was receiving treatment from the Department of Veterans Affairs for his mental health impairments in the form of medication (Olanzapine, Paroxetine, and Hydroxyzine) and therapy.

Dr. Boesen diagnosed Plaintiff with major depressive disorder (single episode, moderate to severe), generalized anxiety disorder, and panic disorder. *Id.* at 1104. Dr. Boesen found his "overall

---

[2] A "moderate" rating is an impairment which affects but does not preclude the ability to function. Tr. 1335.

[3] A "marked" rating is an impairment which seriously affects the ability to function independently, appropriately and effectively. Tr. 1335.

prognosis is fair, with adequate medication management and individual psychotherapy." *Id.* at 1104. Dr. Boesen opined that "[a]t times, Mr. Hemmingson seems unable to complete tasks in a timely and efficient manner." *Id.* at 1102. Regarding Plaintiff's functional capacity, she found that his "comprehension and ability to carry out basic (1-2 step) and more complex instructions appears generally intact," but "[h]is ability to sustain concentration and persist in a work-related activity at a reasonable pace will likely be affected by his present condition, as may his ability to interact effectively with peers and coworkers." *Id.* at 1104. Dr. Boesen examined Plaintiff again four months later, making virtually the same diagnoses and findings as in her original report. *See id.* at 1160-64.

### B. Did the ALJ Give Proper Weight to Dr. Patel-Mehta's Opinion?

Plaintiff argues that Dr. Patel-Mehta's finding that Plaintiff's mental impairments would cause Plaintiff to be absent from work more than four days per month shows that he does not have the RFC to perform the jobs identified by the ALJ. Plaintiff emphasizes that the vocational expert testified at his hearing that an individual who misses two or more days of work per month would not be able to sustain employment. Tr. 94-95. Accordingly, Plaintiff argues that the ALJ's decision to ignore his treating physician's medical opinion that he would miss more than four days of work per month was error. The Court agrees.

The Fifth Circuit has long held that "[t]he opinion of the treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Id.* (internal citation omitted). The ALJ must show "good cause" for assigning a treating physician's medical opinions little or no weight, such as by showing that the opinion is conclusory, unsupported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id.* at 455-56.

7

In addition, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the medical opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Id.* at 453. Section 404.1527(d)(2) requires the ALJ to consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Id.* at 456.

The Decision states that the ALJ gave Dr. Patel-Mehta's opinion that Plaintiff would miss four or more days of work per month due to his mental impairments "little weight" because (1) "[i]t is overly restrictive and appears to be based on the claimant's subjective allegations rather than the clinical assessment of the claimant's functional capacity," and (2) "the opinion is inconsistent with the claimant's performance at the consultative examination demonstrating an ability to attend and concentrate, and to compete simple tasks." Tr. at 25. Neither of these reasons establishes good cause to discount the weight of Dr. Patel-Mehta's opinion.

First, the statement that Dr. Patel-Mehta's opinion is "overly restrictive" shows that the ALJ substituted the ALJ's own opinion in place of the treating psychiatrist's expert opinion. As the Fifth Circuit has stated, "an ALJ should not substitute his lay opinion for the medical opinion of experts," especially "in a case involving a mental disability." *Salmond v. Berryhill*, 892 F.3d 812, 818 (5th Cir. 2018) (quoting *Morales v. Apfel*, 225 F.3d 310, 319 (3rd Cir. 2000)); *see also Ingram v. Astrue*, 2007 WL 4622801, at *6 (W.D. La. Dec. 12, 2007) ("[T]he ALJ cannot substitute her non-expert opinion for uncontroverted medical evidence."). "[J]udges, including administrative law judges of the Social

Security Administration, must be careful not to succumb to the temptation to play doctor." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990).

In addition, the ALJ's statement that Dr. Patel-Mehta's opinion is unreliable because "it appears to be based on the claimant's subjective allegations rather than the clinical assessment of the claimant's functional capacity" is speculative and fails to constitute good cause for rejecting that opinion. As the Seventh Circuit Court of Appeals has stated: "A psychiatrist does not merely transcribe a patient's subjective statements. Mental-health assessments normally are based on what the patient says, but only after the doctor assesses those complaints through the objective lens of her professional expertise. Further, the trained physician, not the ALJ, is better positioned to discern 'true' complaints from exaggerated ones." *Mischler v. Berryhill*, 766 F. App'x 369, 375 (7th Cir. 2019) (internal citation omitted).

Thus, courts have found that it is improper for an ALJ to reject a treating psychiatrist's opinion on the basis that the opinion was based in part on the claimant's subjective complaints. For example, in *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015), the Seventh Circuit held that the ALJ erred in giving the treating psychiatrist's findings little weight because the findings were based on the claimant's subjective complaints. The Court reasoned that: "Psychiatric assessments normally are based primarily on what the patient tells the psychiatrist, so that if the judge were correct, most psychiatric evidence would be totally excluded from social security disability proceedings—a position we rejected in *Adaire v. Colvin*, 778 F.3d 685, 688 (7th Cir. 2015)." *Id.* The Court further found that the psychiatrist's "professional training and experience would have taught him how to discount exaggerated statements by his patients." *Id.*; *see also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199 (9th Cir. 2008) (holding that "an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints

9

where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").

Dr. Patel-Mehta was Plaintiff's treating psychiatrist for over a year before issuing his opinion in this case. There is nothing in the record to suggest that Dr. Patel-Mehta disbelieved Plaintiff's description of his symptoms, or that Dr. Patel-Mehta relied on those descriptions more heavily than his own clinical observations in reaching the conclusion that Plaintiff would miss four or more days of work per month. *See Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir. 1999) (substantial evidence did not support ALJ's finding that examining psychologists took claimant's "statements at face value" where psychologists' reports did not contain "any indication that [the claimant] was malingering or deceptive"). Accordingly, the Court find that it was improper for the ALJ to reject Dr. Patel-Mehta's opinion on the basis that his opinion was based on part on the claimant's subjective complaints.

The second reason the ALJ provided for rejecting Dr. Patel-Mehta's opinion that Plaintiff would not be able to work four or more days per month was that the opinion was inconsistent with "the claimant's performance at the consultative examination demonstrating an ability to attend and concentrate, and to compete simple tasks." Tr. at 25. The ALJ does not explain how Dr. Boesen's finding regarding Plaintiff's ability to concentrate contradicts Dr. Patel-Mehta's finding that Plaintiff would miss four or more days of work per month. In addition, the ALJ ignores the rest of Dr. Boesen's report. As noted above, while Dr. Boesen found Plaintiff's "comprehension and ability to carry out basic (1-2 step) and more complex instructions appears generally intact," she also found that "[h]is ability to sustain concentration and persist in a work-related activity at a reasonable pace will likely be affected by his present condition, as may his ability to interact effectively with peers and coworkers." *Id.* at 1104. In addition, she found that Plaintiff, "[a]t times . . . seems unable to

10

complete tasks in a timely and efficient manner." Thus, instead of contradicting Dr. Patel-Mehta's opinion, Dr. Boesen's findings support it. An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). The ALJ has failed to point to any medical evidence in the record that contradicts Dr. Patel-Mehta's opinion regarding the number of days that Plaintiff would be absent from work. Accordingly, the ALJ has failed to provide good cause for rejecting Dr. Patel-Mehta's opinion.

The ALJ also erred by failing to perform a detailed analysis of Dr. Patel-Mehta's opinion under the criteria in 20 C.F.R. § 404.1527(d)(2) before deciding to give it little weight. *See Newton*, 209 F.3d at 458. Therefore, the Court finds that the ALJ failed to apply the correct legal standards in making the RFC assessment, and substantial evidence does not support the ALJ's decision in this case. *See Salmond*, 892 F.3d at 819.

Accordingly, the ALJ's decision must be reversed and remanded to the Commissioner for further administrative proceedings.[4] On remand, the ALJ must reconsider Plaintiff's mental impairments and, in doing so, properly evaluate his treating physician's findings and opinions with regard to his mental impairments and ability to work. *Id.*

Based on the foregoing, the ALJ's decision is **REVERSED,** and this case is **REMANDED** to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

**SIGNED** on January 13, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[4] Because the Court agrees with Plaintiff that the ALJ committed legal error with regards to the handling of Dr. Patel-Mehta's medical opinion, and is remanding the case on that basis, the Court need not address Plaintiff's alternative arguments for remand.