IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JONATHAN DOUGLAS HEMMINGSON** | § § § | |
| v. | § § | Case No. 1:19-CV-693-SH |
| **ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | § § § | |

**O R D E R**

Before this Court are Plaintiff's Counsel's Petition for Attorney Fees under the Equal Access to Justice Act, filed on April 13, 2020 (Dkt. No. 18), and Defendant's Response, filed on April 20, 2020 (Dkt. No. 19).

On July 9, 2019, Plaintiff Jonathan Douglas Hemmingson filed this action appealing the Commissioner of the Social Security Administration's denial of his application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). Dkt. No. 3. On January 13, 2020, this Court issued an Order and Final Judgment reversing and remanding the case to the Commissioner for further proceedings pursuant to sentence four of § 405(g). Dkt. No. 17. Plaintiff's counsel, Karl E. Osterhout, now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,320, based on 41.6 hours of services rendered on behalf of Plaintiff at a rate of $200 per hour. Defendant does not oppose the Motion. Dkt. No. 19 at 1.

The EAJA provides that a court shall award attorney's fees to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.

§ 2412(d)(1)(A); *see also Baker v. Bowen*, 839 F.2d 1075, 1079-80 (5th Cir. 1988). The Fifth Circuit has held that a party who obtains a remand in a Social Security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (per curium). The Supreme Court has held that a fee award under the EAJA is to be paid directly to the plaintiff, but can be mailed to plaintiff's counsel. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

The Defendant does not dispute that Plaintiff is the prevailing party and entitled to a fee award. The Defendant disputes neither the number of hours for which Plaintiff claims compensation nor the hourly rate sought. The Court has thoroughly reviewed fee request and the Itemization of Time submitted in support of the attorney's fees request and agrees that the number of hours billed and the hourly rate are reasonable.

Accordingly, Plaintiff's Counsel's Petition for Attorney Fees under the EAJA (Dkt. No. 18) is **GRANTED**. The Commissioner shall remit to Plaintiff's counsel a check made payable to "Jonathan Douglas Hemmingson" for attorney's fees in the amount of $8,320.00 pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A). The check may be mailed to Plaintiff's counsel, Karl E. Osterhout.

**SIGNED** on May 13, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE